THIS OPINION HAS NO PRECEDENTIAL
VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH
CAROLINA
In The Court of Appeals

 
 
 
 The
 State,        Respondent,
 
 
 

v.

 
 
 
 Jonathan Ray Filyaw,       
 Appellant.
 
 
 

Appeal From Florence County
James E. Brogdon, Jr., Circuit Court Judge

Unpublished Opinion No.
2005-UP-404
Submitted June 1, 2005  Filed June 24, 2005

APPEAL DISMISSED

 
 
 
 Assistant Appellate Defender
 Tara S. Taggart, Office of Appellate Defense, of Columbia,  for Appellant.
 Attorney General Henry
 Dargan McMaster, Chief Deputy Attorney General John W. McIntosh,
 Assistant Deputy Attorney General Salley W. Elliott, Office of the
 Attorney General, all of Columbia; and Solicitor Edgar Lewis Clements,
 III, of Florence, for Respondent.
 
 
 

PER CURIAM:  Filyaw was
indicted for two counts of second-degree arson and one count of third-degree
burglary.  He waived his right to a jury trial, had a bench trial regarding
only one count of second-degree arson, and was convicted on the second-degree
arson charge.  As part of a negotiated plea agreement, Filyaw pled guilty
to a lesser charge of third-degree arson after his bench trial and the State
dismissed his third-degree burglary charge.  The judge sentenced him to
concurrent sentences of ten years imprisonment on each arson charge.  He
appeals from his conviction for second-degree arson.
Pursuant to Anders v. California,
386 U.S. 738 (1967), counsel for Filyaw attached to the final brief a petition
to be relieved as counsel, stating she had reviewed the record and concluded
that Filyaws appeal is without legal merit sufficient to warrant a new
trial.  Filyaw did not file a separate pro se response. 
After thorough review of the record
pursuant to Anders and State v. Williams, 305 S.C. 116, 406 S.E.2d
357 (1991), we dismiss the appeal and grant counsels petition to be
relieved. 
APPEAL DISMISSED.[1]
HEARN, C.J., BEATTY, and SHORT,
JJ., concur.

[1] Because oral argument would not aid the court in resolving the
issues on appeal, we decide this case without oral argument pursuant to Rule
215, SCACR.